Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
(516) 671-1150
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN MARTINEZ, JOSE PIMENTAL, CARLOS CONTRERAS, EFRAIN REYES and JOWANY CASTILLO,

                            Plaintiffs,

- against -

FELIKS & SON STORAGE TANK CORP., FELIKS & SON SERVICES, LLC AND FELIKS SWIERZEWSKI,

                            Defendants.

**COMPLAINT WITH JURY DEMAND**

Case No.

      Plaintiffs Juan Martinez, Jose Pimental, Carlos Contreras, Efrain Reyes and Jowany Castillo ("Plaintiffs"), by the Moser Law Firm, P.C., hereby file this complaint against Feliks & Son Storage Tank Corp., Feliks & Son Services LLC and Feliks Swierzewski ("Defendants") and allege as follows:

## INTRODUCTION

1. This complaint is filed by Plaintiffs against Defendants to recover:

    a. Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

    b. Statutory damages for wage statement violations of NYLL § 195(3).

    c. Statutory damages for wage notice violations under NYLL § 195(1).

-1-

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

### *Plaintiffs*

*Juan Martinez*

5. Plaintiff Juan Martinez is a natural person who resides in Nassau County, New York.

6. Juan Martinez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Jose Pimental*

7. Plaintiff Jose Pimental is a natural person who resides in Suffolk County, New York.

8. Jose Pimental was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Carlos Contreras*

9. Plaintiff Carlos Contreras is a natural person who resides in Nassau County, New York.

10. Carlos Contreras was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Efrain Reyes*

11. Plaintiff Efrain Reyes is a natural person who resides in Nassau County, New York.

12. Efrain Reyes was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Jowany Castillo*

13. Plaintiff Jowany Castillo is a natural person who resides in Nassau County, New York.

14. Jowany Castillo was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**Defendants**

*Feliks & Son Storage Tank Corp.*

15. Defendant Feliks & Son Storage Tank Corp.. is a domestic corporation formed under the laws of the State of New York.

16. Defendant Feliks & Son Storage Tank Corp.'s principal place of business is located at 191 Tulip Avenue Floral Park, New York 11001

17. During the six-year and 198-day period immediately preceding the filing of this complaint ("relevant time period")[1], Feliks & Son Storage Tank Corp. installed gasoline storage tanks and systems.

*Feliks & Son Services, LLC*

18. Defendant Feliks & Son Services, LLC is a domestic limited liability company formed under the laws of the State of New York.

19. Defendant Feliks & Son Services, LLC's principal place of business is located at 191 Tulip Avenue Floral Park, New York 11001

20. During the relevant time period, Feliks & Son Services, LLC installed gasoline storage tanks and systems.

*Single Integrated Enterprise*

21. Feliks & Son Storage Tank Corp. and Feliks & Son Services LLC (the "Corporate Entities") all form part of a single integrated enterprise, and therefore constitute a single employer for the purposes of FLSA and NYLL liability.

22. More specifically, upon information and belief, the Corporate Entities share interrelated operations, common management, centralized control of labor relationships, and common ownership.

23. Upon information and belief, all of the Corporate Entities are commonly owned, operated, and managed by Defendant Feliks Swierzewski.

24. All of the Corporate Entities share a common principal place of business.

25. All of the Corporate Entities are involved the building and installation of gasoline tanks and systems.

---

[1] *See* Executive Orders 202.8, Dated March 20, 2020 and 202.60, dated September 4, 2020, of of Gov. Andrew M. Cuomo.

*Feliks Swierzewski*

26. Feliks Swierzewski ("Swierzewski") is a natural person who resides in Nassau County, New York.

27. Upon information and belief, Swierzewski has been the President of Feliks & Son Storage Tank Corp. during the relevant time period.

28. Upon information and belief, Swierzewski has been and officer of Feliks & Son Storage Tank Corp. during the relevant time period.

29. Upon information and belief, Swierzewski has been a shareholder of Feliks & Son Storage Tank Corp. during the relevant time period.

30. Upon information and belief, Swierzewski has been the President of Feliks & Son Services, LLC during the relevant time period.

31. Upon information and belief, Swierzewski has been an officer of Feliks & Son Services, LLC during the relevant time period.

32. Upon information and belief, Swierzewski has had an ownership interest in Feliks & Son Services, LLC during the relevant time period.

33. Upon information and belief, Swierzewski has been a member of Feliks & Son Services, LLC during the relevant time period.

34. Upon information and belief, Swierzewski had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

35. Upon information and belief, Swierzewski exercised sufficient operational control over Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

**WILLFULNESS ALLEGATIONS**

36. As part of their regular business practice, Defendants have willfully engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

37. This pattern, practice, and/or policy includes willfully failing to pay employees overtime wages.  Upon information and belief, Defendants were or should have been aware that their actions as described in this complaint violated both state and federal law.

## FACTUAL ALLEGATIONS

*Juan Martinez*

38. The Plaintiff Juan Martinez was employed by Defendants as a laborer from approximately October 2011 until December 24, 2020.

39. The Plaintiff Juan Martinez was paid a daily rate during his employment with the Defendants, as follows:

   a. From approximately October 2011 through 2013, $120 per day;

   b. From approximately 2014 through 2019, $170 per day;

   c. From approximately 2018 through December 24, 2020, $240 per day.

40. The Plaintiff Juan Martinez was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

41. For example, for the week ending November 30, 2019 the Plaintiff Juan Martinez worked at least 75 hours.  He was not paid an overtime premium for hours worked in excess of 40 during this pay period.  Instead, he was paid $1,440 in cash, representing daily wages for six days.

42. Defendants paid the Plaintiff Juan Martinez in cash.

43. Defendants never furnished the Plaintiff Juan Martinez with a wage statement as required by NYLL 195(3).

44. The Plaintiff Juan Martinez was hired on or about October 2011.

45. Defendants never furnished the Plaintiff Juan Martinez with a hiring notice within 10 days of the date he was hired as required by NYLL §§ 195(1) and 198.

*Jose Pimental*

46. The Plaintiff Jose Pimental was employed by Defendants as a laborer from approximately February 2018 until April 2020.

47. The Plaintiff Jose Pimental was paid a daily rate during his employment with the Defendants, as follows:

    a. From approximately February 2018 through 2019, $160 per day;

    b. From approximately 2019 through April 2020, $180 per day;

48. The Plaintiff Jose Pimental was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

49. For example, for the week ending November 30, 2019 the Plaintiff Jose Pimental worked at least 75 hours.  He was not paid an overtime premium for hours worked in excess of 40 during this pay period.  Instead, Defendants paid the Plaintiff Jose Pimental $1,080 in cash, representing daily wages for six days.

50. Defendants paid the Plaintiff Jose Pimental in cash.

51. Defendants never furnished the Plaintiff Jose Pimental with a wage statement as required by NYLL 195(3).

52. The Plaintiff Jose Pimental was hired on or about February 2018.

53. Defendants never furnished the Plaintiff Jose Pimental with a hiring notice within 10 days of the date he was hired as required by NYLL §§ 195(1) and 198.

*Carlos Contreras*

54. The Plaintiff Carlos Contreras was employed by Defendants as a laborer from approximately February 2017 until December 24, 2020.

55. The Plaintiff Carlos Contreras was paid a daily rate during his employment with the Defendants, as follows:

    a. From approximately February 2017 through March 2020, $160 per day;

    b. From approximately March 2020 through December 2020, $170 per day;

56. The Plaintiff Carlos Contreras was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

57. For example, for the week ending November 30, 2019, the Plaintiff Carlos Contreras worked at least 75 hours. He was not paid an overtime premium for hours worked in excess of 40 during this pay period. Instead, Defendants paid the Plaintiff Carlos Contreras $1,020 in cash, representing six days of daily wages.

58. Defendants paid the Plaintiff Carlos Contreras in cash.

59. Defendants never furnished the Plaintiff Carlos Contreras with a wage statement as required by NYLL 195(3).

60. The Plaintiff Carlos Contreras was hired on or about February 2017.

61. Defendants never furnished the Plaintiff Carlos Contreras with a hiring notice within 10 days of the date he was hired as required by NYLL §§ 195(1) and 198.

*Efrain Reyes*

62. The Plaintiff Efrain Reyes was employed by Defendants as a laborer from approximately October 2012 until November 2019.

63. The Plaintiff Efrain Reyes was paid a daily rate during his employment with the Defendants, as follows:

    a. From approximately October 2012 through March 2016, $140 per day;

    b. From approximately 2016 through 2018, $180 per day;

    c. From approximately 2019 through November 2019, $250 per day.

64. The Plaintiff Efrain Reyes was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

65. For example, for the week ending November 30, 2019 the Plaintiff Efrain Reyes worked at least 75 hours. He was not paid an overtime premium for hours worked in excess of 40 during this pay period. Instead, he was paid $1,500 in cash, representing six days of daily wages.

66. Defendants paid the Plaintiff Efrain Reyes in cash.

67. Defendants never furnished the Plaintiff Efrain Reyes with a wage statement as required by NYLL 195(3).

68. The Plaintiff Efrain Reyes was hired on or about October 2012.

69. Defendants never furnished the Plaintiff Efrain Reyes with a hiring notice within 10 days of the date he was hired as required by NYLL §§ 195(1) and 198.

*Jowany Castillo*

70. The Plaintiff Jowany Castillo was employed by Defendants as a laborer from approximately February 2019 until April 2020.

71. The Plaintiff Jowany Castillo was paid a daily rate during his employment with the Defendants, as follows:

    a. From approximately February 2019 through April 2020, $180 per day;

72. The Plaintiff was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

73. For example, during the month of April 2019 the Plaintiff Jowany Castillo worked approximately 96 hours per week. He was not paid an overtime premium for hours worked in excess of 40 during this pay period. Instead, he was only paid a daily rate.

74. Defendants paid Plaintiff Jowany Castillo in cash.

-10-

75. Defendants never furnished the Plaintiff Jowany Castillo with a wage statement as required by NYLL 195(3).

76. The Plaintiff Jowany Castillo was hired on or about February 2019.

77. Defendants never furnished the Plaintiff Jowany Castillo with a hiring notice within 10 days of the date he was hired as required by NYLL §§ 195(1) and 198.

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a)**

78. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants were each an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a).

80. At all times relevant, Plaintiffs were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

81. The Defendants employed the Plaintiffs within the meaning of 29 U.S.C. §§ 203(g) and 207(a).

82. At all times relevant, Defendants' employees handled and/or worked upon goods that had been moved in or produced for commerce pursuant to 29 U.S.C. § 203(s).

83. During the calendar year 2018, the annual gross volume of sales made or business done by Defendant Feliks & Son Storage Tank Corp. was at least $500,000.00.

84. During the calendar year 2019, the annual gross volume of sales made or business done by Defendant Feliks & Son Storage Tank Corp. was at least $500,000.00.

85. During the calendar year 2020, the annual gross volume of sales made or business done by Defendant Feliks & Son Storage Tank Corp. was at least $500,000.00.

86. During the calendar year 2018, the annual gross volume of sales made or business done by Defendant Feliks & Son Services, LLC was at least $500,000.00.

87. During the calendar year 2019, the annual gross volume of sales made or business done by Defendant Feliks & Son Services, LLC was at least $500,000.00.

88. During the calendar year 2020, the annual gross volume of sales made or business done by Defendant Feliks & Son Services, LLC was at least $500,000.00.

89. During the calendar year 2018, the combined annual gross volume of sales made or business done by Defendants Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC was at least $500,0000.00.

90. During the calendar year 2019, the combined annual gross volume of sales made or business done by Defendants Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC was at least $500,0000.00.

91. During the calendar year 2020, the combined annual gross volume of sales made or business done by Defendants Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC was at least $500,000.00.

92. During each of the calendar years from 2018 through 2020, Defendant Feliks & Son Storage Tank Corp. was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(s) and 207(a).

93. During each of the calendar years from 2018 through 2020, Defendant Feliks & Son Services, LLC was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(s) and 207(a).

94. During each of the calendar years from 2018 through 2020, the Defendants Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC constituted a single integrated enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(s) and 207(a).

95. The Defendants failed to compensate the Plaintiffs at one and one half their regular rate of pay for all hours worked in excess of 40.

96. Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

97. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiffs. Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

98. As a result of Defendants' violations of the FLSA, the Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Violations
### Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

99. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

100. At all times relevant, the Plaintiffs have been employees and Defendants have been the employer within the meaning of the NYLL § 190(3).

101. The Defendants failed to compensate the Plaintiffs at one and one half their regular rate of pay for all hours worked in excess of 40 in a given workweek.

102. The Plaintiffs are entitled to overtime wages for hours worked in excess of 40 hours weekly under NYLL Article 19, §§ 650 et seq., and the supporting New York State

Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

103. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

104. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Wage Statement Claim
### NYLL §§ 195(3) & 198

105. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

106. Defendants did not issue wage statements to Plaintiffs with each payment of wages as required by NYLL § 195(3).

107. Due to the Defendants' violations of NYLL § 195(3), the Plaintiffs are entitled to recover from the Defendants statutory damages of $250 per workday up to a maximum of $5,000 each, reasonable attorneys' fees and costs of the action.

## FOURTH CAUSE OF ACTION
### Wage Notice Claim
### NYLL §§ 195(1) & 198

108. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

109. The Defendants did not issue wage notices to Plaintiffs within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

110. Due to the Defendants' violation of NYLL § 195(1), the Plaintiffs are entitled to recover from the Defendants statutory damages of $50 per workday for continuing violations of NYLL § 195(1) up to a maximum of $5,000 each, reasonable attorneys' fees and costs of the action.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

    A. Unpaid overtime wages under the FLSA;

    B. An amount equal to unpaid overtime as liquidated damages under the FLSA;

    C. Unpaid overtime wages under the NYLL;

    D. Liquidated damages in an amount equal to unpaid overtime wages under the NYLL;

    E. Statutory damages for violations of NYLL § 195(3);

    F. Statutory damages for violations of NYLL § 195(1);

    G. Attorney's fees and costs of the action;

    H. Pre-judgment and post-judgment interest as provided by law; and

    I.    Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
       June 25, 2021

    Moser Law Firm, P.C.

    _____
    By: Steven J. Moser
    5 E. Main Street
    Huntington, NY 11743
    516-671-1150
    steven.moser@moserlawfirm.com