**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JUAN MARTINEZ, JOSE PIMENTAL, CARLOS
CONTRERAS, EFRAIN REYES, and
JOWANY CASTILLO

                                Plaintiff,

-*against*-

                                Case No. 0:21-cv-03613
                                (GRB) (JMW)

FELIKS & SON STORAGE TANK CORP.,
FELIKS & SON SERVICES, LLC, and FELIKS
SWIERZEWSKI

                                Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO VACATE DEFAULT

*Of Counsel*
Sofya Uvaydov, Esq.
Robert Modica, Esq.

*Counsel*
Coffey Modica O'Meara & Capowski, LLP
200 E. Post Rd., Suite 21
White Plains, NY 10601

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................................................... ii

**TABLE OF AUTHORITIES** .................................................................................................... iii

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS** ........................................................................................................ 2

**LEGAL ARGUMENT** ............................................................................................................... 3

    A.   STANDARD ................................................................................................................ 3

    B.   DEFENDANTS' DEFAULT WAS NOT WILLFUL ................................................... 4

    C.   DEFENDANTS POSSESS A MERITORIOUS DEFENSE TO THE ALLEGATIONS SET FORTH IN PLAINTIFFS' COMPLAINT .................................................................. 5

    D.   PLAINTIFFS WILL SUFFER NO PREJUDICE IF THIS MOTION IS GRANTED ........ 7

**CONCLUSION** ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

American Alliance,
92 F.3d 57 (2d Cir. 1996) ...................................................................................................5

Argus Research Group, Inc. v. Argus Securities, Inc.,
204 F. Supp. 2d 529 (E.D.N.Y. Feb. 24, 2022). ..................................................................7

Brash v. Richards,
195 A.D.3d 582 (N.Y. App. Div. 2d Dep't 2021) ................................................................6

Dorrough v. Harbor Securities,
No. 99 CV 7589(ILG), 2002 WL 1467745 (E.D.N.Y. May 10, 2002). ..............................3

Enron Oil Corp. v. Diakuhara,
10 F.3d 90 (2d Cir. 1993) ................................................................................................4, 7

Flynn v. Red Apple 670 Pac. St., LLC,
200 A.D.3d (N.Y. App. Div. 1st Dep't 2021) ......................................................................6

HICA Educ. Loan Corp. v. Feintuch,
No. 12-CV-5243 ADS, 2013 WL 1898997 (E.D.N.Y. May 7, 2013) ..................................4

Muhammed Chowdury v. Hamza Express Food Corp.,
666 F. App'x 59 (2d Cir. 2016) ............................................................................................5

Oscilloscope Pictures, Inc. v. Monbo,
No. 17CV7458MKBST, 2019 WL 2435644 (E.D.N.Y. Mar. 25, 2019 ................................7

Pecarsky v. Galaxiworld.com, Ltd.,
249 F.3d 167 (2d Cir. 2001) .............................................................................................3, 4

Powerserve Int'l, Inc. v. Lavi,
239 F.3d 508 (2d Cir. 2001). ................................................................................................3

Romero v. Manhattan & Bronx Surface Transit Operating Auth.,
No. 21-CV-4951 (LJL), 2022 WL 624451, (S.D.N.Y. Mar. 2, 2022) ..................................7

Sik Gaek, Inc. v. Yogi's II, Inc.,
682 Fed. Appx. 52 (2d Cir. 2017)..............................................................................3

**STATUTES**

§ 195(1)(a) ....................................................................................................................2

§ 195-3 ..........................................................................................................................2

29 U.S.C § 260..............................................................................................................5

29 U.S.C. § 201.............................................................................................................5

29 U.S.C. § 207.............................................................................................................5

**RULES**

Federal Rule of Civil Procedure 55(a)......................................................................2, 3

Federal Rules of Civil Procedure 55(b).......................................................................2

Federal Rule of Civil Procedure 55(c)................................................................1, 3, 8

Federal Rule of Civil Procedure 60(b)........................................................................3

In Support of its Motion to Vacate the Entry of Default entered by the clerk of the court on January 14, 2022, and Pursuant to Federal Rule of Civil Procedure 55(c), the defendants file this Memorandum of Law and state as follows:

## **PRELIMINARY STATEMENT**

This is a labor and employment action wherein five plaintiffs who were employees of Feliks & Sons Storage Tank Corp. seek damages for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") related to overtime pay. While the clerk of the court entered a default against defendants on January 14, 2022 for failing to timely answer, there is good cause for the Court to now set aside the entry of the default against defendants.

When plaintiffs originally served and filed their Summons and Complaint in this matter, they served it to the wrong address, an address that defendants had not occupied for three years. By the time defendants were made aware of the action against them, months later, their time to file their answer had already expired. Defendants in no way willfully ignored the service of the Summons and Complaint, but simply never received it, as the address on file was wrong. Additionally, defendants possess a meritorious defense to plaintiffs' substantive allegations in their complaint and are in receipt of substantial records highlighting discrepancies in plaintiffs' claimed workdays/work hours. Finally, no prejudice to plaintiff exists here. There has been no activity yet in the action, and neither party has expended significant resources to litigate the matter. As such, setting aside the default is both practical and reasonable under the circumstances and promotes the preferred practice that actions be decided on the merits.

## STATEMENT OF FACTS

On June 25, 2021, plaintiffs filed their Summons and Complaint, alleging that defendants had violated the FLSA and NYLL provisions § 195-3 and § 195(1)(a) (Dkt. No. 1, entered June 28, 2021). Most notably, plaintiffs argued that defendants had failed to pay any overtime pay during their employment at Feliks & Son. Summonses were issued by the Court, which plaintiffs served on the Secretary of State for the two corporate defendants, along with the Complaint (Dkt. No. 1).[1] However, the Summons and Complaint were forwarded to the address on file, 191 Tulip Ave, Floral Park, New York, 11001, an old address that defendants had not occupied since 2018 (Feliks's Aff., ¶ 11).[2] Although someone accepted service, such person had no relation to defendants, and thus, defendants were not made aware of the service until several months later when a secretary from the Episcopal Church across the street from the Tulip Avenue property informed defendants that there was a stack of mail for them (Feliks's Aff. ¶ 13).

Having not received an Answer or other response, due to service on an address defendants no longer occupied, per plaintiffs' request, the Clerk of the Court noted the Default pursuant to Federal Rule of Civil Procedure 55(a) on January 14, 2022 (Dkt. No. 11). Following several adjournments at plaintiffs' request, plaintiffs filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on May 20, 2022 (Dkt. No. 15). Subsequently, on May 24, 2022, an order was entered by Judge Gary R. Brown withdrawing plaintiffs' Motion for Default Judgment, noting that the motion was deemed withdrawn with leave to renew, including that the plaintiffs must complete and submit a proposed default judgment attached as Appendix A,

---

[1] Mr. Swierzewski was never personally served.
[2] As Mr. Swierzewski explained, he believed that the company's outside accountant updated the address with the Secretary of State when he changed it with the State for all tax filings. Swierzewski ¶ 12.

2

containing evidentiary citations, with affidavits and other documentary evidence as per the Court's individual rules (Dkt. No. 17).

Upon finally receiving notice of the Summons and Complaint and pending action against them, defendants promptly engaged with and retained the undersigned counsel (Feliks's Aff., ¶ 16).

**LEGAL ARGUMENT**

A. **Standard**

The decision of whether or not to set aside an entry of default lies within the sound discretion of the District Court. Sik Gaek, Inc. v. Yogi's II, Inc., 682 Fed. Appx. 52, 55 (2d Cir. 2017). Moreover, it is well-settled that an "entry of a default judgment is a drastic remedy, and should be applied only in extreme circumstances." Dorrough v. Harbor Securities, No. 99 CV 7589(ILG), 2002 WL 1467745, at *3 (E.D.N.Y. May 10, 2002). Indeed, while the decision lies within the sound discretion of the District Court, the Second Circuit has expressed a strong "preference for resolving disputes on the merits." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).

Additionally, in contrast to the more rigid standard of "excusable neglect" applied to a motion for relief from final judgments pursuant to Federal Rule of Civil Procedure 60(b), the "good cause" criterion applied to motions to set aside entries of default is a far more liberal standard, setting forth a lower threshold for relief that is more easily overcome. See Fed. R. Civ. P. 55(c).

The inquiry into whether good cause is shown is a threefold analysis. Caselaw makes eminently clear that the courts should consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). In ascertaining whether good cause exists, other relevant

3

circumstances may also be considered, including, for instance, "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also HICA Educ. Loan Corp. v. Feintuch, No. 12-CV-5243 ADS, 2013 WL 1898997, at *3 (E.D.N.Y. May 7, 2013).

### B. Defendants' Default Was Not Willful

In this case, the defendants did not willfully default. Indeed, to find that a default is willful, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear. Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001). That is clearly not the case here, where the default was in good faith and wholly based on mistake.

Defendant Feliks Swierzewksi represents in the accompanying affidavit that he did not receive the summons and complaint originally filed until several months later, when the time to respond had already expired (Feliks's Aff., ¶ 11). The Secretary of State sent the Summons and Complaint to the address on file, 191 Tulip Ave, Floral Park, New York, 11001 (Feliks's Aff., ¶ 11). However, this address had mistakenly not been changed and was no longer the active address of defendants at the time of service. Defendants aver that as a result, they were not made aware of the service, as that address has not been the principal place of business for Feliks & Son Storage Tank Corp. or Feliks & Son Services, LLC since 2018 (Feliks's Aff., ¶ 12). Because the old address had not been used for an extended period of time, defendants were no longer having mail that was inadvertently sent there forwarded to their new address (Feliks's Aff., ¶ 13). As such, it took several months for defendants to even become aware of the existence of the action against them.

In contrast to the address where the Summons and Complaint was served, defendants' actual address at the time of service was 142 Fairview Blvd, Hempstead, NY 11550 (Feliks's Aff.,

¶ 6). Indeed, plaintiffs knew this was defendants' new address as several of them visited Mr. Swierzewski's home in Hempstead on multiple occasions (Feliks's Aff., ¶ 14). Upon finally receiving the summons and complaint, defendants promptly located and engaged the undersigned counsel, who in turn reached out to plaintiffs' counsel (Feliks's Aff., ¶ 16). An affidavit signed by defendant Feliks Swierzewski attesting to all of these facts is attached to this motion. As such, defendants did not willfully ignore the complaint; rather, said several month delay in learning of service did not provide them with adequate notice to assert a timely response.

C. **Defendants Possess A Meritorious Defense To The Allegations Set Forth In Plaintiffs' Complaint**

Furthermore, defendants have a meritorious defense to the allegations raised in plaintiffs' complaint. The Second Circuit has noted that a "defense is meritorious if it is good at law so as to give the fact-finder some determination to make." American Alliance Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). More specifically, in order to raise a defense to alleged violations of the FLSA, as amended, 29 U.S.C. § 201 et seq. (29 U.S.C. § 207), a party must show via plain and substantial evidence, that the violation was made in good faith and that there were reasonable grounds for believing it was not a violation. Muhammed Chowdury v. Hamza Express Food Corp., 666 F. App'x 59, 60-61 (2d Cir. 2016) (citing 29 U.S.C § 260).

Defendant Feliks & Son Services, LLC was never plaintiffs' employer because the company has no employees. It is also not subject to the FLSA because it generates less than $500,000 in revenue. Feliks & Son Services, LLC is an improperly named defendant entitled to dismissal.

As for defendant Feliks & Son Storage Tank Corp., it possesses plain and substantial evidence in the form of records that directly refute the claims in plaintiffs' complaint and motion

for default related to alleged violations of the FLSA for failing to pay overtime. As an example, attached as Exhibit 1 to Feliks's Affidavit is a sample of defendants' payroll records from 2016, showcasing the hours and days that plaintiff Efrain Reyes worked, which are significantly less than the days plaintiffs alleged in their complaint and memorandum of law in support of their motion for default (Ex. 1 to Feliks's Aff.). The records also confirm that plaintiffs received significantly more time off than the claimed one week out of the year (Ex. 1 to Feliks's Aff.). In his affidavit, defendant Feliks Swierzewski states that any time plaintiffs needed a day or two off, they simply texted him prior to that day and he approved the time off (Feliks's Aff., ¶ 20). Additionally, in many cases, the records show that plaintiffs worked only four days out of the week, instead of the claimed six. Mr. Swierzewski also claimed that plaintiffs worked only until 4:30 p.m., not 6 p.m., as they needed daylight to do their gas tank installation work (Feliks's Aff., ¶ 21). The records confirm that the daily pay rate was based on an eight-hour work day (plus 30 minute unpaid lunch) (Ex. 1 to Feliks's Aff.). Any partial day pay was calculated by hourly rate (daily rate divided by eight) multiplied by number of hours worked. At the very least, these records, highlighting that the amount of damages claimed by plaintiffs is grossly inaccurate, is prima facie evidence of a meritorious defense sufficient to give the factfinder some determination to make.

Finally, defendants have a valid statute of limitations defense. Plaintiffs seeks to apply a state coronavirus related "toll" pursuant to New York State Executive Order 202.67 to their claims. First, it is still unsettled law in New York state courts whether the Executive Order was a toll or a suspension. Compare Flynn v. Red Apple 670 Pac. St., LLC, 200 A.D.3d 607 (N.Y. App. Div. 1st Dep't 2021) ("The limitations period was suspended under Executive Order 202.8") with Brash v. Richards, 195 A.D.3d 582, 582 (N.Y. App. Div. 2d Dep't 2021) ("subject executive orders constitute a toll of such filing deadlines"). Second, courts have already found that the Executive

Order did not apply to extend the statute of limitations for FLSA actions. See Romero v. Manhattan & Bronx Surface Transit Operating Auth., No. 21-CV-4951 (LJL), 2022 WL 624451, at *6 (S.D.N.Y. Mar. 2, 2022) ("The Executive Order does not apply to Plaintiffs' FLSA claim")

**D. Plaintiffs Will Suffer No Prejudice If This Motion Is Granted**

Likewise, no prejudice to plaintiffs exists if the court were to grant this motion to vacate the default. Courts in the Second Circuit have made it clear that a demonstration of delay alone is not sufficient to establish prejudice. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993); Oscilloscope Pictures, Inc. v. Monbo, No. 17CV7458MKBST, 2019 WL 2435644, at *8 (E.D.N.Y. Mar. 25, 2019) ("Some delay is inevitable when a motion to vacate a default judgment is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice.'"). Rather, to establish prejudice, "a plaintiff must demonstrate that the delay [in the lawsuit] will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Argus Research Group, Inc. v. Argus Securities, Inc., 204 F. Supp. 2d 529, 532 (E.D.N.Y. Feb. 24, 2022).

As of now, no activity has actually occurred in the instant action that would prejudice plaintiffs. This fact is evident from the dearth of activity on the docket. Significantly, since this case is still in its infancy, the parties have not yet expended significant resources litigating the matter. Here, there can be no dispute that the delay occasioned by plaintiffs' own faulty service has not resulted in the loss of evidence, nor has it created increased difficulties of discovery, or greater opportunity for fraud and collusion.

In contrast, defendants are significantly prejudiced by plaintiffs' motion for default, since by no fault of their own, they are facing a substantial judgment against them. To grant a motion for a default judgment would undoubtedly produce a harsh and unfair result against defendants

who have, since learning of the action, made good faith attempts to engage with counsel and remedy the default. Indeed, if the entry of default is not vacated, defendants will essentially be robbed of their day in court, unable to defend themselves against a judgment they had no notice of. This would be a manifestly unjust outcome and contrary to the preferred practice of courts of resolving disputes on the merits.

## CONCLUSION

WHEREFORE, the moving defendants, Feliks & Son Storage Tank Corp., Feliks & Son Services, LLC, and Feliks Swierzewski move this Court pursuant to Fed. R. Civ. P. 55(c), to set aside the default, grant moving defendants leave to file an answer, and for such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       July 1, 2022

By: _____
Robert Modica, Esq.
Sofya Uvaydov, Esq.
Coffey Modica O'Meara Capowski LLP
200 East Post Road, Suite 210
White Plains, New York 10601
(914) 205-5005
rmodica@cmocllp.com
suvaydov@cmocllp.com
*Attorneys for Defendants*