UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN MARTINEZ, JOSE-PIMENTAL, CARLOS CONTRERAS, EFRAIN REYES, and JOWANY CASTILLO,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FELIKS & SON STORAGE TANK CORP., FELIKS & SON SERVICES, LLC, and FELIKS SWIERZEWSKI<br><br>　　　　　　　　　　　　　　Defendants. | Case No. 21-cv-3613(GRB)(JMW) |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
TO VACATE DEFAULT

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** ................................................................................................................................ 4

    I.    LEGAL STANDARD ................................................................................................ 4

    II.   DEFENDANTS BEAR THE BURDEN OF PROOF TO ESTABLISH LACK OF WILFULNESS, AND THE COURT MAY INFER WILFULNESS WHERE THE EXPLANATION FOR THE DEFAULT IS VAGUE ...................................................... 5

    III.  THE CORPORATE DEFENDANTS HAVE NOT DEMONSTRATED THAT THEY HAVE MOVED WITHIN A REASONABLE PERIOD OF TIME ................................ 5

    IV.  THE CORPORATE DEFENDANTS HAVE NOT MET THEIR BURDEN OF ESTABLISHING GOOD CAUSE FOR THE DELAY IN DEFENDING ......................... 6

        A.    The Corporate Defendants Have Not Provided a Satisfactory Explanation for the Delay ............................................................................................................................ 6

        B.    The Corporate Defendants Were Properly Served ........................................................ 6

        C.    The Corporate Defendants Have Disregarded Their Obligations Under the New York Business Corporation Law and the New York Limited Liability Company Law .................................................................................................................................. 7

    V.   FACTUAL AND LEGAL ASSERTIONS MADE BY THE DEFENDANTS ARE UNSUPPORTED OR MISTAKEN ................................................................................. 8

        A.    Incorrect assertion 1: "When plaintiffs originally served and filed their Summons and Complaint in this matter, they served it to the wrong address." .......................... 8

        B.    Incorrect Assertion 2: "[T]o find that a default is willful, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear. Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001)." ..... 8

**CONCLUSION** ............................................................................................................................. 9

## PRELIMINARY STATEMENT

Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC (the "Corporate Defendants") were served with the summons and complaint on August 2, 2021 and September 10, 2021, respectively. Plaintiffs recognize that there is a preference for resolving cases on their merits. However, a defaulting defendant must allege specific facts showing good cause to vacate.

On September 1, 2022, following a review of Mr. Swierzewski's July 6, 2022 affidavit, Plaintiffs' counsel advised Defendants as follows:

> In looking at the defendants' affidavit, it contains no specific information showing when Defendants became aware of the lawsuit or how they diligently responded.
>
> For example, Mr. Swierzewski states *"The Summons and Complaint in this matter were not served on me, and I did not learn until several months later that the Summons and Complaint were erroneously sent to my prior home address of 191 Tulip Ave, Floral Park, New York, 11001."* ¶ 11. This suggests he knew of the lawsuit "several months" after June 25, 2021, but the statement is otherwise vague.
>
> He also states: *"I was unaware of the Summons and Complaint until a secretary from the Episcopal Church nearby alerted me to the fact that I had a stack of mail that had been sent to the old address."* ¶ 13. Again, no mention of the date.
>
> Also *"Upon learning about the instant lawsuit and after receiving the Summons and Complaint, I took prompt action and immediately notified and engaged with counsel."* Again, no mention of when he learned of the lawsuit, received the Summons and Complaint, or *"engaged with counsel."*
>
> At this point, the Defendant has not satisfactorily explained why the complaint was not answered in a timely fashion, and therefore has not met his burden to vacate the default.
>
> For the foregoing reasons, we will accept a supplemental affidavit in support of the motion to vacate on or before September 8, 2022. If the affidavit is not supplemented, we intend on challenging the sufficiency of the affidavit and arguing that evidence should not be submitted with the reply papers.[1]

---

[1] *See* Declaration of Steven J. Moser in Opposition to Motion to Vacate Default Judgment ¶ 3 and Exhibit 1 thereto.

1

The Defendants declined to supplement the affidavit with specific facts showing when they became aware of the lawsuit, the actions they took, and the dates on which they took action to defend the case.² The declaration therefore lacks sufficient detail to explain away the delay.

In addition, the Corporate Defendants attempt to shift the blame to the Plaintiffs for the defendants' own failures to update their addresses on file with the Secretary of State. Mr. Swierzewski indicates that the Plaintiffs' knew he moved. He does not explain however, how the Plaintiffs should have known that the corporate addresses on file with the Secretary of State were no longer valid, or what they should have done if they knew the address was no longer valid (which they did not). Moreover, the Corporate Defendants had numerous obligations under New York Law to file documents which have been disregarded for at least six years. More specifically,

1. The Corporate Defendants each had an obligation to update their address for service of process with the Secretary of State.³

2. 191 Tulip Ave, Floral Park, New York, 11001 has not been the principal place of business for Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC since 2018;⁴

3. This action was commenced in 2021;

4. According to the Department of State website, the Defendants address on file is <u>still incorrect and has not been updated as required by law</u>.⁵

---

² *See* Moser Declaration ¶ 4.
³ *See Briggs Ave, LLC v. Ins. Corp. of Hanover*, 2006 U.S. Dist. LEXIS 34854, at *15 (S.D.N.Y. May 30, 2006); *Cedeno v. Wimbledon Bldg. Corp.*, 207 A.D.2d 297, 615 N.Y.S.2d 40, 40 (1st Dep't 1994)( "[I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process"); NY BCL § 306; NY LLC § 303.
⁴ Swierzewski Affidavit, ¶ 12.
⁵ *See* Moser Declaration ¶ 8 and Exhibits 2 & 3.

2

In addition,

1. Feliks & Son Storage Tank Corporation had an obligation to file biennial statements with a correct address in 2016, 2018, 2020 and 2022;[6]

2. According to the Department of State website, Feliks & Son Storage Tank Corporation did not file any biennial statement in 2016, 2018, 2020 or 2022;[7]

3. Feliks & Son Services, LLC had an obligation to file biennial statements with a correct address in 2016, 2018, 2020 and 2022;[8]

4. According to the Department of State website, Feliks & Son Services, LLC did not file any biennial statement in 2016, 2018 or 2020;[9]

5. According to the Department of State website, Feliks & Son Services, LLC filed a biennial statement on December 14, 2021 (after commencement of this action).[10]

6. However, the biennial statement did not correct the address of Feliks & Son Services, LLC;[11]

7. According to the Department of State website, Feliks & Son Service, LLC did not file a biennial statement in 2022.[12]

---

[6] *See* NY BCL § 408.
[7] *See* Moser Declaration ¶ 9 and Exhibit 4.
[8] *See* NY LLC Law § 301(e).
[9] *See* Moser Declaration ¶ 10 and Exhibit 5.
[10] *See* Moser Declaration ¶ 11 and Exhibit 5.
[11] *See* Moser Declaration ¶ 11 and Exhibit 3.
[12] *See* Moser Declaration ¶ 12 and Exhibit 5.

**ARGUMENT**

I. **LEGAL STANDARD**

"[A] decision whether to set aside a default is a decision left to the sound discretion of the district court[.]" *McLean v. Wayside Outreach Dev., Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (internal quotation marks and citations omitted).

In considering an application to vacate a default, the court considers three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary and (3) whether a meritorious defense is present[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Rolle v. Hardwick*, No. 14-CV-5247 (JS)(AYS), 2016 U.S. Dist. LEXIS 60112, at *6 (E.D.N.Y. May 4, 2016). However, the district court has the discretion to deny the motion to vacate and need not address prejudice or a meritorious defense if the default was willful. *See SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)("An absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment."). A finding of willfulness "generally ends the inquiry." *Badian v. BrandAid Communs. Corp.*, 2005 U.S. Dist. LEXIS 8395, at *8 (S.D.N.Y. May 6, 2005)(Hon. Denny Chin, J.); *Trident Groupage v. Royal Coffee, Ltd.*, 94 Civ. 6065 (LAP), 1996 U.S. Dist. LEXIS 11187, at *10-11 (S.D.N.Y. Aug. 5, 1996)(citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991)).

In addition to the foregoing considerations, a motion to vacate under Rule 55(c) must also be made within a *reasonable time*. 1986 *AMC* 1445, 1454-55 (2d Cir. N.Y. January 21 1986) ("Rule 55(c) sets forth no guidelines for determining within what period the defaulting party must move to set aside a default, but we think it plain that such a motion must be made

4

within a reasonable time, *see* 6 Moore's Federal Practice par. 55.10[1], at 55-52 to 55-53; id. par. 55.10[2], at 55-59[.]").

## II. DEFENDANTS BEAR THE BURDEN OF PROOF TO ESTABLISH LACK OF WILFULNESS, AND THE COURT MAY INFER WILFULNESS WHERE THE EXPLANATION FOR THE DEFAULT IS VAGUE

The party seeking vacatur bears the burden of showing that the default was not willful. *King v. Galluzzo Equip. & Excavating, Inc.*, 223 F.R.D. 94, 97 (E.D.N.Y. 2004)(citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *In re Martin-Trigona*, 763 F.2d 503, 505 (2d Cir. 1985)(upholding district court's denial of a motion to vacate where appellants "failed to show that the default was not willful."). Indeed, the Defendant claims that it has met its burden to establish "good cause" for vacatur. *See* Def. MOL at 1.

In the context of a motion to vacate, a court may infer willfulness when the moving party does not provide a satisfactory explanation for the failure to answer. *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Welch v. State Farm Mut. Auto. Ins. Co.*, No. 3:18-CV-208-DMB-JMV, 2019 U.S. Dist. LEXIS 76964, at *3 (N.D. Miss. May 7, 2019)(citing *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 500-01 (5th Cir. 2015)).

## III. THE CORPORATE DEFENDANTS HAVE NOT DEMONSTRATED THAT THEY HAVE MOVED WITHIN A REASONABLE PERIOD OF TIME

A district court does not abuse its discretion in denying a motion to vacate which is not made within a reasonable period of time. See 1986 AMC 1445, 1454-1455 (2d Cir. N.Y. January 21, 1986 (upholding district court's denial of a motion to vacate where defendant delayed for a period of seven (7) months).

Here, Feliks Swierzewski explains that this action was commenced on June 25, 2021, that he was not "personally served", but that he learned of the existence of the lawsuit "several months

5

later." However, Mr. Swierzewski does not advise of the specific date on which he became aware of the lawsuit, or why the Corporate Defendants first attempted to defend the case on July 8, 2022. As previously mentioned, the Plaintiffs asked the Defendants to provide specific information about when they learned of the lawsuit and the efforts taken to defend. Defendant has decided not to furnish such information. Because the motion to vacate is unsupported by specific facts showing when the Corporate Defendants became aware of the case, the motion is untimely.

## IV. THE CORPORATE DEFENDANTS HAVE NOT MET THEIR BURDEN OF ESTABLISHING GOOD CAUSE FOR THE DELAY IN DEFENDING

### A. The Corporate Defendants Have Not Provided a Satisfactory Explanation for the Delay

As previously noted, in the context of a motion to vacate, a court may infer willfulness when the moving party does not provide a satisfactory explanation for the failure to answer. Here, the affidavit offers no specific details as to when the Corporate Defendants became aware of the lawsuit or the actions they took in response to such awareness. Plaintiffs specifically called these deficiencies to the Defendants' attention. Defendants made the decision not to inform the Court of specifically when they became aware of the lawsuit and the actions they took. Therefore, the motion should be denied.

### B. The Corporate Defendants Were Properly Served

Mr. Swierzewski does not claim that the Corporate Defendants were not properly served. He only asserts that he was not personally served. *See ¶ 11* ("The Summons and Complaint in this matter were not served on me").

> The law is clear that delivery of the summons and complaint to the Secretary of State is sufficient to constitute service on the Corporate Defendant. *Criollo v. NY Fine Interiors Inc.*, No. 19-CV05974 (EK)(CLP), 2021 WL 1200318, at *6 (E.D.N.Y. Mar. 3, 2021), *R&R adopted*, *Criollo v. Ny Fine Interiors* (*CLP*), No.

6

19-CV-5794(EK)(CLP), 2021 WL 1193082 (E.D.N.Y. Mar. 30, 2021) (Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1) "allow[] for service according to state law in which the federal district court is located or where service is made," and "New York designates the Secretary of State as agent for service of process for all corporations") (quoting *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995) (internal quotation marks omitted)). Because service is complete once service on a corporation is effectuated through the Secretary of State under N.Y. Bus. Corp. Law § 306(b)(1), a plaintiff has no further obligation to contact defendants in order to complete service. Moreover, failure to actually receive the summons and complaint from the Secretary of State does not make service improper. *See Miller v. Collectron Corp.*, No. 98-CV-2221 (JG), 1999 U.S. Dist. LEXIS 14413, 1999 WL 730981, at *7 (E.D.N.Y. Sept. 16, 1999).

*Logan v. World Luxury Cars, Inc.*, No. 1:15-CV-00248 (ENV)(PK), 2022 U.S. Dist. LEXIS 61128, at *11 (E.D.N.Y. Mar. 30, 2022).

### C. The Corporate Defendants Have Disregarded Their Obligations Under the New York Business Corporation Law and the New York Limited Liability Company Law

"[F]ailure either to collect corporate mail sent to the [prior] address or to change the address for service of process with the Secretary of State constitutes a willful disregard of legal process and a willful default." *In re Martin-Trigona*, 763 F.2d 503, 505-06 (2d Cir. 1985); *see FGB Realty Advisors v. Norm-Rick Realty Corp.*, 227 A.D.2d 439, 642 N.Y.S.2d 696, 696 (2d Dep't 1996) (failure to apprise Secretary of State of an address change "does not constitute a reasonable excuse for purposes of vacating a default judgment."); *Cedeno*, 207 A.D.2d 297, 615 N.Y.S.2d at 40 ("[I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process . . . and failure to meet that obligation will not constitute reasonable excuse to vacate a default judgment. . . . It is for this reason that service of process on a corporation is deemed complete when the Secretary of State is served, regardless of whether such process ultimately reaches the corporate defendant."); *Swift Spinning Mills v. B&H Apparel*, No. 00-CV-652, 2003 WL 942610, at *1 (S.D.N.Y. Mar. 6, 2003).

7

Here, 191 Tulip Ave, Floral Park, New York, 11001 has not been the principal place of business for Feliks & Son Storage Tank Corp. and Feliks & Son Services, LLC since 2018. Yet, the address has still not been corrected. No biennial statement has been filed by Feliks & Son Storage Tank Corporation since 2014. Feliks & Son Services, LLC filed a biennial statement in December 2021, but the address on file is still 191 Tulip Avenue.

V. **FACTUAL AND LEGAL ASSERTIONS MADE BY THE DEFENDANTS ARE UNSUPPORTED OR MISTAKEN**

    A. **Incorrect assertion 1: "When plaintiffs originally served and filed their Summons and Complaint in this matter, they served it to the wrong address."**

Service was effected via the Secretary of State (the Defendants' agent for service of process).

    B. **Incorrect Assertion 2: "[T]o find that a default is willful, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear.** *Pecarsky v. Galaxiworld.com, Ltd.*, **249 F.3d 167, 173 (2d Cir. 2001)."**

In Pecarsky, the Second Circuit did not hold that in order to make a finding of willfulness "the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear." In Pecarsky, a corporate defendant in a complex securities class action received a court order on January 17, 2000 granting its prior counsel's application for leave to withdraw and directing the defendant to appear through counsel by January 18, 2000. The defendant expressed concern over the short time frame and asked for an additional 30 days to retain counsel. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). On January 25, 2000 the district court denied the application for a thirty day extension and entered a default against the defendant. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). Neither the facts nor the holding of Pecarsky are relevant to this matter.

8

## CONCLUSION

Defendants have the burden of showing good cause. They have not done so. Therefore, the motion should be denied and Plaintiffs should be given leave to file a motion for Default Judgment.

Dated: Huntington, New York
September 14, 2022

Respectfully Submitted,
Moser Law Firm, P.C.

By: Steven John Moser
