UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUAN MARTINEZ, JOSE PIMENTAL, CARLOS CONTRERAS, EFRAIN REYES, and JOWANY CASTILLO

                      Plaintiff,

    *-against-*

FELIKS & SON STORAGE TANK CORP.,
FELIKS & SON SERVICES, LLC, and FELIKS SWIERZEWSKI

                      Defendants.

---

Case No. 0:21-cv-03613 (GRB) (JMW)

**ANSWER TO COMPLAINT**

---

The defendants, FELIKS & SON STORAGE TANK CORP. AND FELIKS & SON SERVICES, LLC, by and through their undersigned attorneys, COFFEY MODICA O'MEARA CAPOWSKI LLP, files their Answer and Affirmative Defenses herein:

1. Defendants lacks sufficient information or knowledge to admit or deny the allegations contained in paragraphs numbered "1", "5", "7", "9", "11", "13", "41" and "49".

2. Defendants admit the allegations contained in paragraphs "2", "4", "15", "17", "18", "24", "26", "27", "28", "29", "30", "32", and "33".

3. Defendants deny each and every allegation contained in paragraph "3", "6", "8", "10", "12", "14", "16", "19", "23", "25", and "34".

4. Defendants admit the allegations contained in paragraphs "42", "50", "58", "66", and "74" as to Feliks & Son Storage Tank Corp., and otherwise deny each and every allegation as to defendants Feliks & Son Services, LLC.

5. Defendants deny each and every allegation contained in paragraph "20", "21", "31", and "35".

6. Defendants admit to the allegations regarding common management and common ownership in paragraph "22", and otherwise deny each and every allegation therein.

7. Defendants deny each and every allegation contained in paragraph "36", "37", "38", "39", "40", "44", "46", "47", "48", "52", "54", "55", "56", "57", "60", "62", "63", "64", "65", "68", "70", "71", "72", "73", and "76" and respectfully refer all questions of law to the Honorable Court and all questions of fact to the trier of fact.

8. As paragraphs "43", "45", "51", "53", "59", "61", "67", "69", "75", and "77" state legal conclusions, no response is necessary.  To the extent any response may be required, Defendants deny each and every allegation set forth in these paragraphs as they relate to "wage notices" or "hiring notice" required by a particular statute and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR THE FIRST CAUSE OF ACTION

9. Defendants repeat, reallege, and reiterate each and every response as previously set forth in paragraphs numbered "1" through "77" of the plaintiffs' Verified Complaint with the same force and effect as if fully set forth at length herein.

10. Defendants deny each and every allegation contained in paragraph "79", "80", "81", "82", "86", "87", "88", "92", "93", "94", "95", "96", "97", and "98" and respectfully refer all questions of law to the Honorable Court and all questions of fact to the trier of fact.  To the extent a response may be required, defendants deny knowledge or information sufficient to form a belief as to the truth of each and every purported allegation contained within these paragraphs.

11. Defendants admit the allegations contained in paragraphs "83", "84", "85", "89", "90", and "91". Paragraphs "89", "90", and "91" are admitted only to the extent that Feliks & Son Storage Tank Corp. had annual gross income for the relevant years that exceeded $500,000.

## AS AND FOR THE SECOND CAUSE OF ACTION

12. Defendants repeat, reallege, and reiterate each and every response to plaintiff's verified complaint as previously set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

13. Defendants deny each and every allegation contained in paragraph "100", "101", "102", "103", and "104" and respectfully refer all questions of law to the Honorable Court and all questions of fact to the trier of fact. To the extent a response may be required, defendants deny knowledge or information sufficient to form a belief as to the truth of each and every purported allegation contained within these paragraphs.

## AS AND FOR THE THIRD CAUSE OF ACTION

14. Defendants repeat, reallege, and reiterate each and every response to plaintiff's verified complaint as previously set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

15. Defendants deny each and every allegation contained in paragraph "106" and "107" and respectfully refer all questions of law to the Honorable Court and all questions of fact to the trier of fact. To the extent a response may be required, defendants deny knowledge or information sufficient to form a belief as to the truth of each and every purported allegation contained within these paragraphs.

## AS AND FOR THE FOURTH CAUSE OF ACTION

16. Defendants repeat, reallege, and reiterate each and every response to plaintiff's verified complaint as previously set forth in the above paragraphs with the same force and effect as if fully set forth at length herein.

17. As paragraphs "109" and "110" state legal conclusions, no response is necessary. To the extent a response is required, defendants deny each and every allegation set forth in Paragraph "109" and "110" of the Complaint as relates to "wage notices" or "hiring notice" required by a particular statute and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

18. Plaintiffs' complaint fails to state a claim upon which relief can be granted because defendant FELIKS & SON SERVICES, LLC is an improper defendant in this action, as it is not an "employer" under 29 U.S.C.A. § 203(d).  Additionally, FELIKS & SON SERVICES, LLC does not have an annual gross volume of sales made or business done of at least $500,000, as required by 29 U.S.C.A § 203(s)(1)(A)(ii).

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

19. Plaintiffs' claims for unpaid overtime are grossly inflated and do not represent actual time worked.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

20. Defendants' actions were not intentionally or willfully devised, nor did they operate to violate the requirement of either state or federal statutes and/or regulations at issue.  Defendant's actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue. All actions or omissions, if any, were in good faith and based on good cause and on reasonable grounds for believing that defendants were complying with the FLSA and the

New York Labor Law. As a result, plaintiffs' claims are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations for non-willful actions.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

21. Some or all of the disputed time for which plaintiffs seek recovery of wages allegedly owed are not compensable pursuant to the FLSA's *de minimis* doctrine.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

22. Plaintiffs' claims are subject to setoff, offset, and/or recoupment for overpayments made to Plaintiff.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred, at least in part, by the applicable state and federal statute of limitations.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred, at least in part, by the doctrine prohibiting double recovery, as plaintiffs seek cumulative and duplicative awards of liquidated damages under both the FLSA and the NYLL.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

25. The answering defendants hereby reserve the right to amend their answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

**WHEREFORE**, defendants ask this court to dismiss plaintiffs' Verified Complaint and enter judgment in favor of defendants, together with the costs and disbursements herein, and counsel fees incurred in the defense of this action.

Dated: White Plains, New York
December 13, 2022

Respectfully Submitted,

By: *Sofya Uvaydov*
Sofya Uvaydov, Esq.
Coffey Modica O'Meara Capowski LLP
200 East Post Road, Suite 210
White Plains, New York 10601
(914) 205-5005
suvaydov@cmocllp.com
*Attorneys for Defendants*