

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 27, 2023

**VIA ECF**

Hon. James M. Wicks, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Martinez v Feliks & Son Storage Tank Corp,* Case No. 21-cv-03613(GRB)(JMW)

Dear Judge Wicks:

    With this letter, the parties request that the Court evaluate the fairness of the terms of a proposed FLSA Settlement Agreement, a copy of which is annexed hereto as Exhibit 1.[1]

## Factual Background

    This case was commenced on June 28, 2021.  *See* Compl., ECF No. 1.  The Plaintiffs allege that they were employed by Defendants as day laborers installing gasoline storage systems in New York and Connecticut.  They allege that they were paid a daily rate, in cash, which did not include overtime premium pay when they worked more than 40 hours a week.  In addition to overtime under the FLSA and the NYLL, the Plaintiffs seek statutory damages for failure to issue wage notices and wage statements as required by NYLL 195.

    On June 21, 2023 the parties participated in a mediation with Ira Cure, Esq., a member ot the EDNY mediation panel, during which the parties, with the assistance of a highly qualified mediator, reached a tentative settlement in the total amount of $175,000.00, inclusive of attorneys' fees and costs.

## Introduction

    In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Second Circuit found that Judicial approval of FLSA settlements is necessary to preserve the FLSA's purpose "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Cheeks*, 796 F.3d at 206 (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).

---

[1] Annexed is the settlement agreement to which the parties have agreed, executed by the Plaintiffs.  The Defendants' signature page will be submitted next week.

Hon. James M. Wicks, USMJ  MOSER LAW FIRM, PC 
Re:     *Martinez v. Feliks & Son Services, LLC*
Page 2

In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A)(ii), thus preventing parties from dismissing claims with prejudice under Rule 41. *Cheeks*, 796 F.3d at 206. However, the Second Circuit did not enunciate a clear standard by which District Courts should evaluate the fairness of an FLSA settlement. Instead, the Second Circuit gave examples of proposed settlements which "highlighted the potential for abuse." *Cheeks*, 796 F.3d at 206. These included (1) confidentiality provisions, (2) overbroad releases, (3) restriction of Plaintiff's attorneys' right to represent other employees of the defendant, (4) the payment of attorneys' fees in excess of 1/3 of the amount recovered without adequate billing records, and (5) cases in which Plaintiffs accepted as little as $100 out of a desperate financial need. *See Cheeks*, 796 F.3d at 206.

Cheeks does not require the evaluation of NYLL claims, as such claims do not require judicial approval. *Yunda v. SAFI-G, Inc.,* 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017). Instead, the court evaluates only the FLSA claims. *See Abrar v. 7-Eleven, Inc.,* No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016)(Spatt, J.),

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes, and regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Siler*, 2014 U.S. Dist. LEXIS 90088, 2014 WL 2945796, at *6 (internal quotation marks and citations omitted). In short, "[i]f the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Id.* (citations omitted).

*Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 304-05 (E.D.N.Y. 2015)

### I. **The Settlement Terms Comport with Cheeks.**

The non-monetary terms of the FLSA settlement agreement are fair and reasonable. The agreement does not contain any of the clauses found objectionable by the Second Circuit.

### II. **The Settlement Represents a Reasonable Compromise of Disputed issues and falls within a range of reasonableness.**

Plaintiffs originally sought approximately $460,000.00 in compensatory damages in their motion for default, which was deemed withdrawn for failure to submit a proposed judgement. *See* Moser Declaration, ECF No. 16, at 2. However, these damages included NYLL damages not recoverable under the FLSA, including overtime over a six year period, liquidated damages, interest and statutory damages.

The FLSA period covers at most 3 years prior to the filing of the complaint (from 6/28/2018 forward). According to the Plaintiffs' estimates (which were contested by the Defendants and challenged by the production of wage records), they all worked between 52 ½ hours and 63 hours each workweek. Annexed hereto as Exhibit 2 is the default damages model which was modified to reflect the FLSA time period. The proected "best case" FLSA overtime damages, and the amounts to be paid to the Plaintiffs, are as follows:

Hon. James M. Wicks, USMJ  MOSER LAW FIRM, PC
Re:     *Martinez v. Feliks & Son Services, LLC*
Page 3



| Name | Total Years Employed | Max FLSA Overtime Recoverable | Settlement Amount |
|---|---|---|---|
| Juan Martinez | 6 | $29,572.86 | **$36,355.54** |
| Jose Pimentel | 2 | 15,562.62 | **15,750.47** |
| Carlos Conteras | 2 | 19,938.39 | **15,750.47** |
| Efrain Reyes | 6 | 15,698.45 | **36,355.54** |
| Jowany Castillo | 1 | 10,827.86 | **10,375.23** |
| | | $91,600.18 | **$114,587.25** |

Again, this is the plaintiffs' best case scenario as to the amount of FLSA overtime each could recover if they prevailed on each aspect of their overtime claim, which defendants vigorously asserted was all but impossible given the number of issues in dispute in this case. The settlement is to be distributed by agreement between the Plaintiffs based upon years employed.  The distribution results in compensation equal to or greater than the total FLSA overtime owed, with the exception of Carlos Contreras, who will receive approximately 80% of his total claimed overtime.  The assumptions behind the calculations (between 52 ½ - 63 hours per week), were challenged by records furnished by the Defendants.  The settlement represents a reasonable compromise and is fair considering the significant risk that the fact finder could ultimately determine that the hours worked by Plaintiffs were less than those claimed, in which case the FLSA overtime recovered could be significantly less than the amount provided by the settlement.

III. **Attorneys' Fees and Costs**

The retainer agreement between the Plaintiffs and the Moser Law Firm, P.C. calls for the Plaintiffs to pay attorneys' fees of 1/3 of the amount recovered, or an hourly rate, whichever is greater, as well as costs and expenses.  The settlement agreement follows the retainer agreement and provides for attorneys' fees of 1/3 of the settlement amount ($58,333.33) and reimbursable costs of $2,079.42.  The costs include filing fees, fees for service of process, transcription fees, interpreter fees, and mediation costs. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").

**Conclusion**

For the foregoing reasons, the Parties request that the Court review the fairness of the proposed FLSA settlement.  If the Court finds that the settlement is fair, the parties request that the case be dismissed with prejudice.  A proposed so-ordered stipulation of dismissal with prejudice is annexed as Exhibit 3.

Hon. James M. Wicks, USMJ 
Re:     *Martinez v. Feliks & Son Services, LLC*
Page 4

Hon. James M. Wicks, USMJ
Re:     *Martinez v. Feliks & Son Services, LLC*
Page 5



MOSER LAW FIRM, PC

                                Respectfully Submitted,

                                *Steven J. Moser*

                                Steven J. Moser

CC:     All counsel of record via ECF

Encl.